FILED ✗  LODGED ___
RECEIVED ___  COPY ___

JUN 2 7 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
for the
District of Arizona

Phoenix Division

Victor L. Weaver

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Checkr, Inc.,

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No.  CV22-01090-PHX-SMB
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☑ Yes  ☐ No

# COMPLAINT FOR A CIVIL CASE

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Victor L. Weaver |
| Street Address | 40952 W. Thornberry lane |
| City and County | Maricopa, Pinal |
| State and Zip Code | Arizona, 85138 |
| Telephone Number | 520-607-8772 |
| E-mail Address | victorweaver@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

|  |  |
|---|---|
| Name | Checkr Inc. |
| Job or Title *(if known)* | Legal Department |
| Street Address | 1 Montgomery Street, Suite 2000 |
| City and County | San Francisco, San Francisco |
| State and Zip Code | California, 94104 |
| Telephone Number | 1-844-824-3257 |
| E-mail Address *(if known)* | |

Defendant No. 2
- Name
- Job or Title *(if known)*
- Street Address
- City and County
- State and Zip Code
- Telephone Number
- E-mail Address *(if known)*

Defendant No. 3
- Name
- Job or Title *(if known)*
- Street Address
- City and County
- State and Zip Code
- Telephone Number
- E-mail Address *(if known)*

Defendant No. 4
- Name
- Job or Title *(if known)*
- Street Address
- City and County
- State and Zip Code
- Telephone Number
- E-mail Address *(if known)*

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question     ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.     If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Jurisdiction of this Court arises under 28 U.S.C 1391 and 15 U.S.C. 1681 et seq.

Venue is proper pursuant to 28 U.S.C 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

Defendant regularly transacts business within the District. Defendant regularly directs business at the District.

Defendant voluntarily and purposefully avails itself of the protections of the District, such that personal jurisdiction is established.

**B.     If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

    a. If the plaintiff is an individual
       The plaintiff, (name) __Victor L. Weaver__, is a citizen of the State of (name) __Arizona__.

    b. If the plaintiff is a corporation
       The plaintiff, (name) _____, is incorporated under the laws of the State of (name) _____, and has its principal place of business in the State of (name) _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
       The defendant, (name) _____, is a citizen of the State of (name) _____. Or is a citizen of (foreign nation) _____.

    b. If the defendant is a corporation
       The defendant, (name) __Checkr, Inc.__, is incorporated under the laws of the State of (name) __Delaware__, and has its principal place of business in the State of (name) __California__. Or is incorporated under the laws of (foreign nation) _____, and has its principal place of business in (name) _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

Plaintiff has been permanently denied employment from multiple companies, and is in fear of what companies will run a Checkr background report.

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1) Checkr inaccurately reported background check information on multiple occasions.

2) After Peitioner made legal claims, Checkr issued a false and deceptive report (4/24/22 attached) to Petitioner asking how they were doing. Report was completely wiped clean.

3) 6/15 in phone conversation, discovered The Consumer Justice Law Firm sends batches of claims to Checkr. David Chami (see 6/15/22 email attached) implied that excessive retainer contract was somehow regulate by FCRA, rather than Arizona statute. Steers clients toward Arbitration to avoid liability and keep money train.

Detail of factual allegations attached.

### IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

a) Actual damages pursuant to 15 U.S.C 1681n and or 1681o;

b) Statutory damages pursuant to 15 U.S.C 1681n and 1681o;

c) Punitive damages pursuant to 15 U.S.C 1681n, in the amount of One Hundred and Eighty Million Dollars

d) Any pre-judgement and post-judgement interest as may be allowed under the law; and

e) Other and further relief as the Court may deem just and proper.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: June 24, 2022

Signature of Plaintiff  *[signature]*
Printed Name of Plaintiff   Victor L Weaver

### B.   For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

## FACTUAL ALLEGATIONS

1. On or about December 15, 2020, DoorDash requested a background check on plaintiff. Plaintiff had been employed with DoorDash since December 2019.

2. On or about December 21, 2020, Checkr provided a report to DoorDash that included a section on Plaintiff's criminal history.

3. Upon information and belief, the report Checkr provided to DoorDash on or about December 21, 2020, was accurate.

4. Upon Information and belief, the December 21, 2020 report listed (among other information) Case No. CR2019-135766-001, with the following charges:

   1 count of 13-2312 Illegal Control of Enterprise

   4 counts of 13-3406A9 Manufacture/Sell/Distribute Misbranded Drugs-Prescription

   All counts were listed as Felony, Unavailable Plea, with pending Disposition

5. Upon information and belief, DoorDash terminated Plaintiff's employment in or around December 2020 because the aforementioned charges were still "pending."

### Case No. CR2019-135766-001

6. Case No. CR2019-135766-001 was filed in the Maricopa County Superior Court on or about August 1, 2019.

7. Plaintiff was originally charged with five crimes: one count of illegal Control of Enterprise and four counts of Manufacturing/Selling/Distributing a Misbranded Prescription-Only Drug.

8. On or about February 4, 2022, one count of Manufacturing/Selling Distributing a Misbranded Prescription-Only Drug was "Dismissed by Prosecution Motion."

9. In Early February 2022, Plaintiff represented himself in a jury trial on the four remaining charges: one count of Illegal Control of Enterprise and three counts of Manufacturing/

{1}

Selling/Distributing a Misbranded Prescription-Only Drug.

10. On or about February 10, 2022, the Court acquitted Plaintiff of the four remaining counts, entering a disposition of "Not Guilty by Court" for each of them.

## Post-Acquittal Consumer Reports

11. Upon information and belief, Plaintiff applied to Uber Eats on or about January 30, 2022, in anticipation of his acquittal.

12. By doing so, Plaintiff authorized Checkr to run his background check.

13. Inexplicably, Uber Eats did not respond to Plaintiff for a couple of weeks.

14. Anxious for work, Plaintiff again applied to be reinstated with DoorDash shortly after acquittal.

15. Upon information and belief, Checkr provided Plaintiff's background check to DoorDash on February 17, 2022.

16. The Checkr report dated February 17, 2022, listed Case No. CR2019-135766-001 with all 5 original charges still showing pending.

17. Check's reporting of the foregoing charges was patently inaccurate.

18. Each of the charges were inaccurately reported with a disposition of "pending."

19. A cursory review of the public records reveals that all five of the charges were disposed of by the time the report was provided to DoorDash.

20. On or about February 17, 2022, Plaintiff disputed the outdated, inaccurate information with Checkr.

21. On or about March 1, 2022, Checkr responded, showing it had revised the disputed information and provided and updated report to DoorDash.

22. The revised report, to DoorDash, accurately showed that remaining charges had been

disposed "Not Guilty By Court" Feb 10, 2022.

12. Oddly, although Defendant had responded to Plaintiff's dispute and provided a revised background report to DoorDash by March 1, 2022, Checkr had not yet provided Plaintiff's background report to Uber Eats.

13. However, Plaintiff was hopeful that the report Checkr would eventually provide to Uber Eats would include the recently-revised information about Case No. CR2019-135766-001.

14. On or about March 4, 2022, Plaintiff received a Pre-Adverse Action Notice from Uber Eats.

15. The Pre-Adverse Action Notice included a new Checkr report, dated March 14, 2022.

16. Plaintiff was shocked and frustrated when he reviewed the March 14, 2022, report.

17. The report Checkr provided to Uber Eats on or about March 14, 2022 - two weeks after it provided a revised report to DoorDash - included inaccurate and outdated information about Case No. CR2019-135766-001 with the following charges: All five original charges as pending, in addition to a Failure to appear warrant issued January 20, 2022.

18. Checkr's reporting of the charges as "pending" as of March 14, 2022, was patently inaccurate, as all charges were disposed of on or before February 10, 2022.

19. Check's reporting a Failure to appear warrant was also inaccurate.

20. It is unclear why Checkr provided this outdated, inaccurate information to Uber Eats after claiming to resolve Plaintiff's dispute and updating the report it provided to DoorDash on or about March 1, 2022.

21. As a direct result of the inaccurate information published in Defendant's March 14, 2022, report, Plaintiff was denied the opportunity to work for Uber Eats.

22. On or about March 24, 2022, Plaintiff received a Post-Adverse Action Notice that indicated Uber Eats denied his application after "considering these specific items:

23. All five original charges in CR2019-135766-001, with disposition of pending

24. On or about March 25, 2022, Plaintiff sought out The Consumer Justice Law Firm for legal counsel.

25. On or about April 24, 2022, Checkr (via email) issued a knowingly fraudulent report to Plaintiff and asked how they were doing. The report was completely wiped clean of everything.

26. On or about June 15, 2022, Plaintiff emailed The Consumer Justice Law Firm instructing them to proceed with the filing of proposed lawsuit. The assigned lawyer did not respond, rather a partner of the firm. In that email he made himself available for a phone conversation. During that conversation, it was revealed to Plaintiff that The Consumer Justice Law Firm sends over batches of claims to Checkr. The partner also advised Plaintiff and supported arbitration with Checkr.

27. On or about June 16, 2022, the relationship with The Consumer Justice Law Firm was terminated. Plaintiff believes them to have become part of the Checkr financial machine.

## Facts Relevant to All Checkr Reports

40. Upon information and belief, DoorDash and Uber Eats purchase consumer reports from Defendant.

41. Upon information and belief, DoorDash and Uber Eats use Defendant's consumer reports to determine whether an individual may work for them.

42. Upon information and belief, Defendant fails to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the consumer information it provides to employers.

43. Upon information and belief, Defendant knowingly and willfully maintains deficient procedures because reporting more information is more profitable than reporting less and potential-

ly leaving information from a consumer report.

44. For example, upon information and belief, Defendant sent DoorDash a background report originally created in 2020 without verifying that the information contained therein was current and up to date as of February 2022.

45. After allegedly investigating and correcting the outdated information in the report it provided to DoorDash, Defendant proceeded to sell a report to Uber Eats that included the information it had previously investigated and revised.

46. A cursory review of the public court records clearly shows that Plaintiff was acquitted of all remaining charges associated with Case No. CR2019-135766-001 on or about February 10, 2022.

47. Accordingly, it was patently inaccurate for Checkr to report any charge as "pending" after February 10, 2022.

48. Had Defendant reviewed the public records before providing Plaintiff's background report to DoorDash, it would have known that it was inaccurately reporting the dispositions of the charges.

49. Had Defendant reviewed the public records or its own records before providing Plaintiff's background report to Uber Eats, it would have known that it was inaccurately reporting the charges.

50. Upon information and belief, Defendant does not obtain criminal records directly from the courts.

51. Upon information and belief, Defendant purchases public records information, including criminal records, from third-party vendors who sell the information for a profit.

52. Upon information and belief, the third-party vendors do not verify that the public records

information is accurate before they sell it to Defendant.

53. Upon information and belief, Defendant is aware that the information it purchases from third-party vendors has not been vetted.

54. Upon information and belief, the third-party vendors selling public records information to Defendant explicitly disclaim the accuracy of the information.

55. Upon information and belief, Defendant knowingly includes the third-party vendor's unverified information in consumer reports without independently assessing its accuracy.

56. Upon information and belief, Defendant fails to maintain procedures that would vet the accuracy of the information provided by the third-party vendors because such procedures would hurt its profits.

57. Upon information and belief, Defendant has been sued under the FCRA in the past after incorrectly reporting consumers criminal records.

58. Therefore, Defendant has actual notice that its procedures often result in the preparation of inaccurate consumer reports and dissemination of inaccurate consumer information.

59. It is wholly unreasonable for Defendant to maintain procedures it knows often lead to inaccurate consumer reporting with grave consequences.

60. It is wholly unreasonable for Defendant to maintain procedures that allow it to report criminal records information that contradicts the public record.

61. It is wholly unreasonable for Defendant to maintain procedures that allow it to republish criminal record information it already investigated and corrected after receiving a consumer's dispute.

62. It is wholly unreasonable for Defendant to maintain procedures that allow it to report information that contradicts with its own internal records.

63. Despite knowing that its procedures often result in inaccurate reporting, Defendant recklessly and knowingly fails to employ procedures to assure only maximally accurate information is compiled and published in the consumer reports it sells to third parties for a profit.

64. Instead, Defendant has unreasonably decided that it is entitled to rely completely on third-party vendors and/or its own internal records to ensure the information included in its consumer reports is accurate.

65. The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to prevent.

66. Defendant knows that its services are used to make significant consumer decisions.

67. Upon information and belief, Defendant is aware that its decisions regarding employees are often adopted by the employer reviewing the consumer report.

68. As a direct result of Defendant's inaccurate reporting, Plaintiff's DoorDash account was suspended. To date, Plaintiff is unable to access the DoorDash app.

69. As a direct result of Defendant's inaccurate reporting, Plaintiff was denied the opportunity to work for Uber Eats.

70. As a direct result of Defendant's inaccurate reporting and failure to maintain reasonable procedures to ensure maximum possible accuracy of Plaintiff's consumer reports, Plaintiff has been unable to earn income through Uber Eats or DoorDash since February 2022.

71. As a direct result of Defendant's inaccurate reporting, Plaintiff has experienced an incredible amount of emotional distress, stress, and mental pain.

72. As a direct result of Defendant's inaccurate reporting, Plaintiff is experiecing financial hardship that is significantly harming his mental health.

73. As a direct result of Defendant's inaccurate reporting, Plaintiff is often consumed by stress

and fear when trying to fall asleep. Consequently, Plaintiff suffers from sleepless nights.

74. As a direct result of Defendant's conduct, actions, and inaction, Plaintiff suffered actual damages, including but not limited to: unemployment, loss of income, emotional distress, mental anguish, humiliation, embarassment, stress, and wasted time.

75. Defendant attempts to force injured parties into arbitration in order to maintain their injurious practices, and keep them out of the public square.